1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROBERT ALAN LETSINGER,

              Plaintiff,

   v.

FRESNO COUNTY SHERIFF'S DEPT,
 et. al.,

              Defendants.

_____/

CV F   04 5315 OWW SMS P

ORDER DISMISSING COMPLAINT WITH
LEAVE TO AMEND (Doc.  1.)

ORDER DIRECTING THE CLERK OF COURT
TO SEND PLAINTIFF BLANK CIVIL RIGHTS
FORM

      Robert Alan Letsinger ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

      Plaintiff filed the instant action on February 18, 2004, against the Fresno County Sheriff's Department and the Fresno County Jail Medical Services.  Plaintiff alleges that he has been denied medical treatment, that he has been forced to live in a cell with "raw sewage", that his mail is being interfered with, and that he has been denied religious and other services given to inmates because he is a homosexual.

## A.  SCREENING REQUIREMENT

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. ALLEGATIONS IN THE COMPLAINT**

### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that

2

1   causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th

2   Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named

3   defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

4   federal rights.

5   ***2. Eighth Amendment Claim***

6       Plaintiff alleges he was denied medical services and a medical diet prescribed by a

7   physician.

8       A prisoner's claim of inadequate medical care does not constitute cruel and unusual

9   punishment unless the mistreatment rises to the level of "deliberate indifference to serious

10  medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  The "deliberate indifference"

11  standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in

12  objective terms, "sufficiently serious."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citing

13  <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

14  "sufficiently culpable state of mind," which entails more than mere negligence, but less than

15  conduct undertaken for the very purpose of causing harm.  <u>Farmer v. Brennan</u>, 511 U.S. at 837.

16  A prison official does not act in a deliberately indifferent manner unless the official "knows of

17  and disregards an excessive risk to inmate health or safety."  <u>Id</u>.

18      In applying this standard, the Ninth Circuit has held that before it can be said that a

19  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

20  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

21  cause of action."  <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980), <u>citing</u>

22  <u>Estelle</u>, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or

23  treating a medical condition does not state a valid claim of medical mistreatment under the

24  Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

25  because the victim is a prisoner."  <u>Estelle v. Gamble</u>, 429 U.S. at 106; <u>see also</u> <u>Anderson v.</u>

26  <u>County of Kern</u>, 45 F.3d 1310, 1316 (9th Cir. 1995); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1050

27  (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136

28  (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate

1  indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

2  1990).

3      The Court finds Plaintiff's allegations fails to state a claim for relief because Plaintiff

4  does not link any individual to an act or omission giving rise to his Eighth Amendment Claim.

5      ***3.  Conditions of Confinement***

6      Plaintiff next alleges he was placed in a cell where he was exposed to human feces and

7  urine for some days and was not given any cleaning agents.

8      To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

9  conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman,

10  452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison

11  officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and

12  personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v.

13  Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from

14  unsafe conditions of confinement, prison officials may be held liable only if they acted with

15  "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124,

16  1128 (9th Cir. 1998).

17      "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

18  Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8

19  (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and

20  responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted).

21  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

22  confinement claim." Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause

23  routine discomfort is part of the penalty that criminal offenders pay for their offenses against

24  society, only those deprivations denying the minimal civilized measure of life's necessities are

25  sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and

26  citations omitted).

27      Although the Eighth Amendment guarantees sanitation and hygiene, plaintiff has alleged

28  no facts linking any of the named defendants to any acts committed against him, and plaintiff has

4

1  alleged no facts suggesting a deprivation so extreme that it rises to the level of an Eighth

2  Amendment violation. <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982.)

3      *4.  Mail*

4      Plaintiff alleges that he sent legal mail through the institutional mail system and it never

5  arrived at its destination and were not returned to the inmate.

6      Prisoners have "a First Amendment right to send and receive mail." <u>Witherow v. Paff</u>, 52

7  F.3d 264, 265 (9th Cir. 1995).  The repeated and intentional withholding of unobjectionable

8  incoming mail violates the First Amendment, <u>Sizemore v. Williford</u>, 829 F.2d 608, 610 (7th Cir.

9  1987), and "[a]ny practice or regulation that unduly delays an inmate's incoming mail must be

10  reasonably related to legitimate penological interests." <u>Rhinehart v. Gomez</u>, No. C-95-0434-

11  VRW, 1998 WL 118179 *6 (N.D.Cal. Mar 2, 1998).  However, "'an isolated delay or some other

12  relatively short-term, non content-based disruption in the delivery . . .'" of mail does not support

13  a claim for relief under section 1983. <u>Rowe v. Shake</u>, 196 F.3d 778, 782 (7th Cir. 1999), quoting

14  <u>Sizemore v. Williford</u>, 829 F.2d 608, 610 (7th Cir. 1987).

15      In this case, Plaintiff's general allegations are insufficient to give rise to a claim for relief

16  under section 1983 for violation of the First Amendment.  Although plaintiff alleges that his

17  outgoing mail did not arrive at its destination, he does not allege specifically that any particular

18  individual was responsible for tampering with his mail.  Further, it is unclear whether this is an

19  isolated incident or that it continuously happens to all or most of Plaintiff's mail.  In order to

20  state a claim for relief under section 1983, plaintiff must allege facts that demonstrate that his

21  incoming mail was delayed in such a manner that his rights under First Amendment were

22  violated.  Accordingly, the Court finds Plaintiff has failed to state a First Amendment claim for

23  relief under Section 1983.

24      *5.  Religious Exercise*

25      Plaintiff alleges that he has been denied access to religious services.

26      The First Amendment to the United States Constitution provides that Congress shall

27  make no law respecting the establishment of religion, or prohibiting the free exercise thereof.

28  U.S. Const., amend. I.  The United States Supreme Court has held that prisoners retain their First

5

1  Amendment rights, including the right to free exercise of religion. <u>O'Lone v. Estate of Shabazz</u>,

2  482 U.S. 342, 348 (1987). The Court has also recognized that limitations on a prisoner's free

3  exercise rights arise from both the fact of incarceration and from valid penological objectives.

4  <u>Id.</u>; <u>McElyea v. Babbit</u>, 833 F. 2d 196, 197 (9th Cir. 1987).

5         Prison regulations alleged to infringe on the religious exercise right must be evaluated

6  under the "reasonableness" test set forth in <u>Turner v. Safley</u>, 482 U.S. 78, 89-91 (1987). <u>O'Lone</u>,

7  382 U.S. at 349; <u>Freeman v. Arpaio</u>,125 F.3d 732, 736 (9th Cir. 1997)(recognizing that the

8  United States Supreme Court's recent decision in <u>City of Boerne v. P.F. Flores</u>, 521 U.S. 507

9  (1997), invalidated the Religious Freedom Restoration Act and restored the "reasonableness test"

10 as the applicable standard in free exercise challenges brought by prison inmates).

11        In determining the reasonableness of a challenged restriction on First Amendment rights,

12 the court considers four factors. First, there must be a valid, rational connection between the

13 prison regulation and the legitimate government interest put forward to justify it, and the

14 governmental objective must itself be a legitimate and neutral one. A second consideration is

15 whether alternative means of exercising the right on which the regulation impinges remain open

16 to prison inmates. A third consideration is the impact accommodation of the asserted right will

17 have on guards, other inmates, and the allocation of prison resources. Finally, the absence of

18 ready alternatives is evidence of the reasonableness of a prison regulation. <u>Allen v. Toombs</u>, 827

19 F.2d 563, 567 (9th Cir. 1987) (citing <u>Turner v. Safley</u>, 482 U.S. at 89-91).

20        "In order to establish a free exercise violation, [plaintiff] must show the defendants

21 burdened the practice of his religion by preventing him from engaging in conduct mandated by

22 his faith." <u>Freeman</u> at 736. Plaintiff may be able to amend his complaint to state a cognizable

23 claim for relief based on a violation of his right to free exercise of religion. However, the Court

24 finds that the conclusory allegations contained in the Complaint are insufficient to state a claim

25 for relief. It is unclear that Defendants' actions prevented him from engaging in conduct

26 mandated by his faith. In addition, Plaintiff fails to identify which defendants, if any, allegedly

27 violated his rights.

28

### 6. *Equal Protection*

Although somewhat unclear, Plaintiff may be attempting to make an equal protection claim in that he alleges that he is being harassed in the forms above and in other ways because he is a homosexual.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

In this case, because Plaintiff's allegations are unclear and there are insufficient facts to presume that this is Plaintiff's intent, the Court cannot find that Plaintiff makes a viable Equal Protection claim. Further, as with the other claims raised, Plaintiff does not link any individual to an act or omission giving rise to an Equal Protection claim.

## C. CONCLUSION AND ORDER

Having found that the complaint states no claims for relief and does not name any "person" as a defendant, the Court HEREBY ORDERS:

1. The complaint is DISMISSED with leave to amend for failure to state any claims on which relief can be granted;

2. The Clerk of Court is DIRECTED to send Plaintiff a blank civil rights complaint form; and

3. Within THIRTY (30) days of the date of service of this Order, Plaintiff SHALL file an AMENDED COMPLAINT or indicate in writing whether he wishes to

1    voluntarily dismiss the action.

2         Plaintiff's failure to file an Amended Complaint in compliance with this order will result

3    in a Recommendation that the action be dismissed, without prejudice, for failure to state a claim

4    on which relief can be granted.

5

6    IT IS SO ORDERED.

7    **Dated:    June 3, 2005**                          **/s/ Sandra M. Snyder**
     icido3                                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28